IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MOTOROLA TRADEMARK HOLDINGS, LLC, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No.<br>)<br>) **JURY DEMANDED** |
| PYSKON CO., LTD. (d/b/a UNIA); SUNHEE SONG; and JINSOO HAM, | )<br>)<br>) |
| Defendants. | ) |

## COMPLAINT

Plaintiff Motorola Trademark Holdings, LLC ("**Motorola Trademark Holdings**") hereby alleges for its Complaint against Defendants Pyskon Co., Ltd (d/b/a Unia), Sunhee Song, and Jinsoo Ham (together, "**Defendants**") as follows:

### Nature of the Case

1. This is an action involving infringement of registered trademarks and unfair competition under the Lanham Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.*, and violations of Illinois unfair-competition laws. Plaintiff Motorola Trademark Holdings owns numerous federal trademark registrations for MOTOROLA, MOTO, and other MOTO-formative marks, including MOTO X, MOTO MAKER, and MOTO G, among others (together, the "**MOTO Marks**"). It licenses the MOTO Marks to other entities, including its affiliate, Motorola Mobility LLC, which offers and sells various cellphones, wearable electronic devices, and cellphone-related goods under the MOTO Marks. (Motorola Trademark Holdings, its predecessors in interest, and its licensee, Motorola Mobility LLC, are referred to collectively herein as

"**Motorola**.") For decades, "Motorola" has been synonymous with innovative communications products.

2. Defendants Pyskon Co., Ltd (d/b/a Unia), Sunhee Song, and Jinsoo Ham are jointly and severally responsible for infringing Motorola Trademark Holdings' MOTO Marks by selling cellphone cases, covers, and screen protectors to U.S. consumers under the brand MOTOMO.

3. Defendants' use of the mark MOTOMO on cellphone-related products is likely to cause confusion with Motorola and the MOTO Marks. Motorola Trademark Holdings therefore brings this action to protect its valuable brand and to eliminate Defendants' unauthorized and infringing use of the MOTOMO mark and for damages caused by Defendants' acts.

## Parties

4. Plaintiff Motorola Trademark Holdings is a Delaware limited liability company with its principal place of business at 222 West Merchandise Mart Plaza, Chicago, Illinois. Motorola Trademark Holdings is a holding company for various MOTO-formative trademarks—including those alleged herein—and is responsible for licensing those trademarks to its affiliates and other entities.

5. On information and belief, Defendant Pyskon Co., Ltd. ("**Pyskon**"), is a Korean company with its principal place of business at 301 Westerndom Building 1, 24, Jeongbalsan-ro, Ilsandong-gu, Goyang-si, Gyeonggi-do, in the Republic of Korea. Pyskon sometimes identifies itself as Pyskon, Inc.

6. On information and belief, Pyskon does business as "Unia" with a place of business at 601 Meritwin Building, 856 Janghang 2-Dong il Goyang-si, Gyeonggi-do, in the Republic of Korea.

7. On information and belief, Defendant Sunhee Song is a citizen and resident of South Korea and is a partner, member, or representative of Pyskon d/b/a Unia. On information and belief, Sunhee Song has authorized and actively participated in the activities of Pyskon d/b/a Unia complained of herein, and she is primarily responsible for that entity's use and attempts to register the trademark MOTOMO.

8. On information and belief, Defendant Jinsoo Ham is a citizen and resident of South Korea. On information and belief, Jinsoo Ham has authorized and actively participated in the activities of Pyskon complained of herein, and he is primarily responsible for Pyskon's use of the trademark MOTOMO.

## Jurisdiction and Venue

9. This action arises under the Lanham Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* This Court has jurisdiction over the subject matter of Counts I–II pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338.

10. This Court has jurisdiction over claims in this Complaint that arise under state statutory or common law pursuant to 28 U.S.C. §§ 1367(a) and 1338(b) because those claims are so related to the federal claims arising under the Lanham Act that they form part of the same case or controversy and derive from a common nucleus of operative facts.

11. This Court has jurisdiction over the Defendants because they directed the acts complained of herein to residents of this judicial district, because they committed acts of infringement in this judicial district, and because Motorola suffered harm within this judicial district as a result of Defendants' acts complained of herein.

12. Alternatively, if any Defendant is not subject to this Court's specific or general jurisdiction, this Court has personal jurisdiction over such Defendant pursuant to Federal Rule of Civil Procedure 4(k) because such Defendant would not be subject to jurisdiction in any state's

3

courts of general jurisdiction and exercising jurisdiction is consistent with the United States Constitution and laws.

13. The Northern District of Illinois is a proper venue for this action pursuant to 28 U.S.C. § 1391(b) because, among other things, a substantial part of the events giving rise to Motorola Trademark Holdings' claims occurred in this judicial district and because the intellectual property alleged to be damaged by Defendants' acts is owned by Motorola Trademark Holdings in this judicial district.

## Facts

### *Motorola and Its Trademarks*

14. Since 1928, Motorola has been an innovator in the communications and electronics industries. Among other innovations, Motorola produced the first hands-free cellular phone product for a car (in 1983) and the world's first commercial handheld cellular phone (made available to consumers in 1984).

15. For decades, Motorola has been well known by the general consuming public as a leader in the telecommunications industry and as a source of cellphones, smartphones, and accessories for mobile devices. For many years, Motorola's products have been leaders in the industry.

16. At least as early as May 1930, Motorola adopted and began using the trademark MOTOROLA, and it has used its MOTOROLA mark continuously through the present. Motorola Trademark Holdings owns various trademark and service mark registrations for the MOTOROLA mark, which are valid, subsisting, and in full force and effect.

17. Beginning at least as early as 2006, Motorola began using the mark MOTO, alone and in connection with other terms to form various MOTO-formative trademarks in connection

with Motorola's goods and services. "MOTO" is short for "MOTOROLA" and is recognized as such by the general consuming public.

18. Motorola Trademark Holdings owns all rights, title, and interest in and to the trademark MOTO for, among other things, the following goods in International Trademark Class 9:

> Telephones, cellular telephones, . . . and related accessories for the foregoing goods, namely, headsets, microphones, speakers, [and] carrying cases . . . ; . . . digital radio transceivers or receivers for data, voice, image and video communication, . . . batteries, battery chargers, [and] power adapters.

U.S. Reg. No. 3,402,839 (registered March 25, 2008; application filed January 15, 2002). Registration No. 3,402,839 is valid, subsisting, and in full force and effect.

19. Through adoption and use of numerous MOTO-formative marks, including MOTONAV, MOTOROKR, MOTOSPEAK, MOTOACTV, MOTOCAST, MOTOASSIST, MOTOTALK, MOTO X, MOTO MAKER, MOTO G, MOTO 360, MOTO E, MOTO STREAM, MOTO MAXX, and MOTO HINT, in connection with cellphones, cellphone accessories, and other communications-related products, Motorola has developed a family of MOTO Marks, which is well recognized by consumers. Motorola Trademark Holdings owns registrations for each of the foregoing marks, which registrations are valid, subsisting, and in full force and effect.

20. U.S. Registration Nos. 0,887,046; 1,671,037; 1,680,185; and 3,402,839, each of which is owned by Motorola Trademark Holdings for one of its MOTO Marks, have become incontestable within the meaning of 15 U.S.C. §§ 1065 and 1115(b).

21. Motorola Trademark Holdings, either directly or through extensive use by its predecessors in interest and/or its licensees, has also acquired significant common law rights in

5

the MOTO Marks for use with myriad goods and services offered by Motorola and/or its licensees.

22. As a result of Motorola's extensive promotion of the MOTO Marks and goods and services sold in connection with those marks, as well as Motorola's extensive sales of goods and services in connection with the MOTO Marks, these marks are well known among the general consuming public. In the past ten years alone, Motorola has spent billions of dollars in advertising, marketing, and otherwise promoting goods and services in the United States in connection with the MOTO Marks. Since the MOTO Marks were first adopted, Motorola has sold hundreds of millions of goods in the United States in connection with those marks.

*Defendants and Their Infringing Acts*

23. On December 27, 2013, well after Motorola adopted, registered, and began using its MOTOROLA marks, its MOTO mark, and numerous MOTO-formative marks, an applicant who identified itself as "Unia," a purported Korean sole proprietorship comprised only of a South Korean citizen named Sunhee Song, filed two applications to register MOTOMO (in both stylized and standard-character form, collectively, the "**MOTOMO Marks**") with the U.S. Patent and Trademark Office. Unia's applications for the MOTOMO Marks were assigned U.S. Serial Nos. 86/153,494 and 86/153,498. Both applications cover the same goods in International Trademark Class 9, namely "Protective cases and covers for smartphones; smartphone accessories, namely, screen protectors, decorative home buttons, smart phone cooling pads, and supply organizers containing a USB port, specially adapted for holding smartphones and smartphone accessories."

24. On information and belief, "Unia" is not a legal entity. Rather, it is a d/b/a name for Pyskon.

25. On information and belief, after the applications to register the MOTOMO Marks were filed in the U. S. Patent and Trademark Office, Defendants Pyskon (d/b/a Unia), Sunhee Song, and Jinsoo Ham, began advertising and using the MOTOMO Marks in the United States in connection with offering and selling cellphone accessories, including smartphone cases.

26. On information and belief, Defendants are currently using the MOTOMO Marks in connection with the sale of cellphone accessories in U.S. commerce.

27. On information and belief, Defendants currently offer and/or have offered cellphone cases specifically designed to fit Motorola's various MOTO smartphones.

28. Defendants promote and offer their MOTOMO-branded goods to consumers throughout the United States, including on the websites at *http://motomomall.com/* and *http://www.motomo21.com/*, and through *http://www.amazon.com/*, where a seller of MOTOMO-branded products is identified as "Motomo of Pyskon." Defendants have specifically promoted and offered for sale MOTOMO-branded goods in this judicial district.

29. Defendants' MOTOMO Marks are highly similar to Motorola Trademark Holdings' MOTO Marks in sight, sound, and commercial impression. Like many of the MOTO Marks, including MOTOROLA, MOTOACTV, MOTO X, MOTO G, and MOTO 360, the MOTOMO Marks consist of the letters "M-O-T-O" followed by one or more letters. In each of the MOTO Marks and MOTOMO Marks, the "MOTO" prefix is the dominant portion of the mark.

30. The goods listed in the applications to register the MOTOMO Marks and the goods for which Defendants use the MOTOMO Marks are identical or closely related to the goods offered by Motorola and/or its licensees under the MOTO Marks.

31. Consumers encountering MOTOMO on a cellphone-related product are likely to believe this mark is a member of the MOTO family of marks.

32. Defendants' use of the MOTOMO Marks in connection with cellphone cases and accessories is likely to cause confusion with Motorola's use of MOTO Marks for cellphones, cellphone accessories, wearable electronic devices, and related goods.

33. Defendants have known of Motorola Trademark Holdings' objections to use of the MOTOMO Marks on cellphone-related products since at least as early as October 27, 2014, when Motorola Trademark Holdings filed a notice of opposition against Unia's applications to register the MOTOMO marks with the U.S. Patent and Trademark Office. Notwithstanding its awareness of Motorola, the MOTO Marks, and Motorola's objections to the MOTOMO Marks, Defendants began using or increased their use of the MOTOMO Marks in a manner that is likely to cause confusion. As such, Defendants' conduct is willful.

34. On information and belief, Defendant Sunhee Song and Defendant Jinsoo Ham have directed, authorized, and personally participated in the adoption and continued use of the MOTOMO Marks, notwithstanding Motorola's objections to such use and to Unia's applications to register the MOTOMO Marks.

35. Motorola has never authorized Defendants' use or registration of the MOTOMO Marks.

## Count I

### Infringement of Federally Registered Trademarks
### (15 U.S.C. § 1114)

36. Motorola Trademark Holdings adopts and incorporates by reference paragraphs 1–35 as if fully restated herein.

37. Motorola Trademark Holdings owns and has rights to use its federally registered MOTO Marks in connection with, among other things, cellphones, accessories for cellphones, wearable electronic devices, and related goods and services.

38. Motorola's rights in its MOTOROLA marks, its MOTO marks, and various MOTO-formative marks predate Defendants' first use of, and application to register, the MOTOMO Marks.

39. Defendants' use of the MOTOMO Marks in connection with the sale, offering for sale, distribution, or advertising of accessories for cell phones is likely to cause confusion, or to cause mistake, or to deceive, in violation of Section 32 of the Lanham Act, as amended, 15 U.S.C. § 1114.

40. As a direct and proximate result of Defendants' unauthorized use of the MOTOMO Marks, Motorola Trademark Holdings has suffered and will continue to suffer substantial injury and irreparable damage to its business, reputation, and goodwill.

41. By using the MOTOMO Marks without Motorola's approval or consent, and with knowledge of Motorola's rights in its MOTO Marks and Motorola's objections to use and registration of the MOTOMO Marks, Defendants have willfully infringed upon the rights of Motorola, with an intent to trade upon the fame and goodwill associated with Motorola's MOTO Marks.

42. Motorola Trademark Holdings is without an adequate remedy at law to redress Defendants' acts complained of herein and will be irreparably harmed unless Defendants are enjoined from committing and continuing to commit such acts.

## Count II

### False Designation of Origin
### (15 U.S.C. § 1125(a))

43. Motorola Trademark Holdings adopts and incorporates by reference paragraphs 1–35 as if fully restated herein.

44. Through longstanding use, Motorola Trademark Holdings, directly or through its predecessors in interest and/or its licensees, owns and has rights to use numerous MOTO Marks in connection with, among other things, cellphones, accessories for cellphones, wearable electronic devices, and related goods and services.

45. Motorola's rights in its MOTOROLA marks, its MOTO marks, and various MOTO-formative marks predate Defendants' first use of, and application to register, the MOTOMO Marks.

46. Defendants' use of the MOTOMO Marks in connection with the sale, offering for sale, distribution, or advertising of accessories for cell phones is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Motorola, or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by another person, in violation of Section 43(a) of the Lanham Act, as amended, 15 U.S.C. § 1125(a).

47. As a direct and proximate result of Defendants' unauthorized use of the MOTOMO Marks, Motorola Trademark Holdings has suffered and will continue to suffer substantial injury and irreparable damage to its business, reputation, and goodwill.

48. By using the MOTOMO Marks without Motorola's approval or consent, and with knowledge of Motorola's rights in its MOTO Marks and Motorola's objections to use and registration of the MOTOMO Marks, Defendants have willfully infringed upon the rights of

Motorola, with an intent to trade upon the fame and goodwill associated with Motorola's MOTO Marks.

49. Motorola Trademark Holdings is without an adequate remedy at law to redress Defendants' acts complained of herein and will be irreparably harmed unless Defendants are enjoined from committing and continuing to commit such acts.

## Count III

### Violation of Illinois Uniform Deceptive Trade Practices Act
### (815 ILCS 510/1 *et seq.*)

50. Motorola Trademark Holdings adopts and incorporates by reference paragraphs 1–49 as if fully restated herein.

51. Defendants have used and are using the MOTOMO Marks in connection with the sale, offering for sale, distribution, promotion, and advertising of its goods in commerce in such a manner as to cause a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of its goods or services.

52. As a direct and proximate result of Defendants' unauthorized use of the MOTOMO Marks, Motorola Trademark Holdings has suffered and will continue to suffer substantial injury and irreparable damage to its business, reputation, and goodwill.

53. By using the MOTOMO Marks without Motorola's approval or consent, and with knowledge of Motorola's rights in its MOTO Marks and Motorola's objections to use of the MOTOMO Marks, Defendants have willfully infringed upon the rights of Motorola, with an intent to trade upon the fame and goodwill associated with Motorola's MOTO Marks.

54. Defendants' acts complained of herein thus violate the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.*

55. Motorola Trademark Holdings is without an adequate remedy at law to redress Defendants' acts complained of herein and will be irreparably harmed unless Defendants are enjoined from committing and continuing to commit such acts.

### Count IV

#### Violation of Illinois Unfair Business Practices Act
#### (815 ILCS 505/1 *et seq.*)

56. Motorola Trademark Holdings adopts and incorporates by reference paragraphs 1–55 as if fully restated herein.

57. Defendants' acts complained of herein violate the Illinois Unfair Business Practices Act, 815 ILCS 505/1 *et seq.*

58. As a result of Defendants' acts complained of herein, Motorola Trademark Holdings has been harmed.

### Prayer for Relief

WHEREFORE, Motorola Trademark Holdings requests that judgment be granted in its favor and against Defendants, jointly and severally, and that this Court award Motorola Trademark Holdings the following relief:

A. A permanent injunction against Defendants and all those in active concert or participation with Defendants, prohibiting them from using the mark MOTOMO in connection with any mobile phones, accessories for mobile phones, or related goods, including but not limited to cases, screen protectors, batteries, power supplies, power adapters, and wearable electronic devices that interact with cellular phones;

B. An order that all products, labels, packaging, wrappers, signs, prints, banners, posters, brochures, or other advertising, marketing, or promotional materials bearing the MOTOMO Marks, or any mark that is confusingly similar to any MOTO Mark, be disabled,

12

removed, and destroyed, along with the means for making the same, and that all Internet websites, online advertising, marketing, promotions, or other online materials bearing the MOTOMO Marks be disabled, removed, and destroyed;

C. An order that Defendants must file with the Court and serve on Motorola Trademark Holdings' counsel within 30 days after entry of the injunction, a written report, sworn under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

D. Damages in an amount to be proven at trial sufficient to compensate Motorola Trademark Holdings for all damages caused by Defendants' conduct, with such damages to be trebled if appropriate within the Court's discretion;

E. Disgorgement of all profits or other unjust enrichment obtained by Defendants as a result of Defendants' conduct complained of herein, with the amount of such profits increased to the extent they are inadequate to compensate Motorola Trademark Holdings for the harm incurred as a result of Defendants' acts;

F. All allowable costs associated with this action;

G. Motorola Trademark Holdings' attorneys' fees under 15 U.S.C. § 1117 and/or 815 ILCS 510/3;

H. Pre- and post-judgment interest; and

I. Any and all additional relief that this Court deems just.

### Jury Demand

Motorola Trademark Holdings hereby demands a trial by jury on all issues as to which trial by jury is allowed.

Dated:  January 15, 2016

Respectfully submitted,

/s/Kristin J. Achterhof
Kristin J. Achterhof (6206476)
Jeffrey A. Wakolbinger (6297872)
Julia L. Mazur (6309387)
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe Street
Chicago, IL  60661
Telephone:  (312) 902-5200
Fax:  (312) 902-1061
kristin.achterhof@kattenlaw.com
jeff.wakolbinger@kattenlaw.com
julia.mazur@kattenlaw.com

*Attorneys for Motorola Trademark Holdings, LLC*